**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA GERACI** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-5264** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| **RICHARD FIELDS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-4424** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this ________ day of ____________________, _____, upon consideration of the Motion for Summary Judgment filed by Defendants, the City of Philadelphia, Police Officer Joseph Sisca, Police Officer Dawn Brown, Police Officer Terra Barrow, Police Officer Nikki Jones, and Police Officer Rhonda Smith, and any responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

It is further **ORDERED**:

1. Richard Field's claims against the City of Philadelphia are dismissed with prejudice;
2. Richard Field's claims against Officer Sisca in Counts I, II, and IV are dismissed with prejudice;
3. Amanda Geraci's claims against the City of Philadelphia are dismissed with prejudice;

4. Amanda Geraci's claims against Officers Barrow, Jones, and Smith are dismissed with prejudice; and
5. Amanda Geraci's claim against Officer Brown in Count I is dismissed with prejudice.

**SO ORDERED:**

__________________________________
Mark Kearney, J.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA GERACI** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 14-5264** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **Oral Argument Requested** |
| | : | |
| **Defendants.** | : | |
| **RICHARD FIELDS** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 14-4424** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **Oral Argument Requested** |
| | : | |
| **Defendants.** | : | |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(c), Defendants, the City of Philadelphia, Police Officer Joseph Sisca, Police Officer Dawn Brown, Police Officer Terra Barrow, Police Officer Nikki Jones, and Police Officer Rhonda Smith hereby move this Honorable Court for an Order granting summary judgment in their favor.

In support of this motion, the Defendants incorporate by reference and rely upon the Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

/s/ John J. Coyle
John J. Coyle
Deputy City Solicitor
City of Philadelphia Law Department
14th Floor, One Parkway Building
1515 Arch Street
Philadelphia, PA 19102-5397

DATED: December 21, 2015

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA GERACI** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-5264** |
| **CITY OF PHILADELPHIA, et al.,** | : | **Oral Argument Requested** |
| **Defendants.** | : | |
| **RICHARD FIELDS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-4424** |
| **CITY OF PHILADELPHIA, et al.,** | : | **Oral Argument Requested** |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Defendants, the City of Philadelphia ("the City"), Police Officer Joseph Sisca, Police Officer Dawn Brown, Police Officer Terra Barrow, Police Officer Nikki Jones, and Police Officer Rhonda Smith, by and through the undersigned counsel, hereby file this Memorandum of Law in support of their Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(c).

## I. Factual and Procedural History

The above captioned cases were consolidated for discovery and dispositive motion purposes by order of this Court on August 28, 2015. (ECF No. 20.) The Plaintiffs in these actions allege they were falsely arrested and maliciously prosecuted in retaliation for expressing their First Amendment right to video record or photograph police. Additionally, Plaintiffs present claims

against the City of Philadelphia under Monell alleging the retaliatory false arrests and prosecutions were the result of the City's policies and customs which allowed officers to falsely arrest individuals and retaliate against them for engaging in First Amendment protected activities. Discovery is complete and this matter is now ripe for dispositive motions.

## II. Statement of Facts

Defendants incorporate by reference the attached Statement of Undisputed Facts.

## III. Legal Standard

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). Furthermore, "[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings." Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325). "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." Id.

## IV. Argument

### A. POLICE OFFICERS SISCA, BROWN, BARROW, JONES, AND SMITH ARE ENTITLED TO QUALIFIED IMMUNITY ON COUNT I BECAUSE PLAINTIFFS' FIRST AMENDMENT RIGHTS WERE NOT CLEARLY ESTABLISHED.

Qualified immunity shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Put another way, there must be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." Clearly established precedent for purposes of qualified immunity has required a

showing that a "robust consensus of cases of persuasive authority" delineates the right "beyond debate." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2084 (2011) (quoting Wilson v. Layne, 526 U.S. 603, 617 (1999)) (internal quotation marks omitted). Courts may look to other circuits and Supreme Court case law in determining whether a right is clearly established. Hope v. Pelzer, 536 U.S. 730, 739 (2002).

Many federal courts have held that the right to record police has not been clearly established.[1] See, e.g., Montgomery v. Killingsworth, Civ. No.: 13-256, 2015 WL 289934 (E.D. Pa. Jan. 22, 2015) (Yohn, J.);  Kelly v. Borough of Carlisle, 622 F.3d 248, 262 (3d Cir. 2010); Szymecki v. Houck, 353 F. App'x 852, 853 (4th Cir. 2009); ACLU of Illinois v. Alvarez, 679 F.3d 583, at fn. 10 (7th Cir. 2012) (acknowledging a circuit split);  Adkins v. Guam Police Dep't, 2010 U.S. Dist. LEXIS 87353, at 28-36 (D. Guam Aug. 24, 2010); Banks v. Gallagher, 2010 U.S. Dist. LEXIS 55308, at 35-36 (M.D. Pa. Mar. 18, 2010); Matheny v. Cnty. of Allegheny, 2010 U.S. Dist. LEXIS 24189, at 12 (W.D. Pa. Mar. 16, 2010); Gravolet v. Tassin, 2009 U.S. Dist. LEXIS 45876, at 12-13 (E.D. La. June 2, 2009).

In Kelly v. Borough of Carlisle, the Third Circuit expressly held there was insufficient case law establishing a right to videotape police to put a reasonably competent officer on "fair notice" that arresting an individual or seizing their camera for videotaping police during the stop would violate the First Amendment. Kelly v. Borough of Carlisle, 622 F.3d 248, 263 (3d Cir. 2010). The Court noted that decisions on the constitutional parameters of this right were unclear.[2] Thus, the officer was entitled to qualified immunity on Plaintiffs' First Amendment

---

[1] The exception to this trend is Glik v. Cunniffe, 655 F.3d 78, 82 (1st Cir. 2011) and Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir.2000).
[2] The Court cited to four holdings to support this assertion, stating, "Although Smith and Robinson announce a broad right to videotape police, other cases suggest a narrower right. Gilles and Pomykacz imply that videotaping without an expressive purpose may not be protected, and in Whiteland Woods we denied a right to videotape a public meeting. Thus, the cases addressing the right of access to information

claim. Id. Based on this holding from the Third Circuit, as well as numerous decisions in other districts and circuits, the right to record police during the course of public police action was not clearly established at the time of the Plaintiffs' arrests. Therefore, Police Officers Sisca, Brown, Barrow, Jones, and Smith are entitled to qualified immunity as a matter of law.

## B. FIELD'S CLAIMS AGAINST OFFICER SISCA IN COUNTS II AND IV FAIL AS A MATTER OF LAW

### *i. Plaintiff has adduced no evidence that Officer Sisca engaged in an illegal search of his phone*

There is no record evidence to allow a jury to conclude that Officer Sisca illegally searched Plaintiff's phone. To establish a constitution violation, a plaintiff must prove the defendant had personal involvement, specifically evidence of personal direction or of actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As an initial matter, Plaintiff has no evidence that his phone was illegally searched. The only record evidence to support this claim is his allegation that when he received his phone back, some apps were open that he claims not to have had open. Ex. 2: Dep. of Fields at 21:7-18; JointAppx0045. Additionally, Plaintiff never saw anyone go through his phone. Id. at 21:19-22; JointAppx0045. Officer Sisca never testified that he operated Plaintiff's phone in any way. Given a complete lack of competent evidence that Officer Sisca illegally searched Plaintiff's phone, his claim in Count II must fail.

### *ii. Plaintiff's malicious prosecution claim in Count IV fails as a matter of law*

---

and the right of free expression do not provide a clear rule regarding First Amendment rights to obtain information by videotaping under the circumstances presented here." Smith v. City of Cumming, 212 F.3d 1332 (11th Cir. 2000), Robinson v. Fetterman, 2005 U.S. Dist. LEXIS 14964 (E.D. Pa. May 25, 2005), Gilles v. Davis, 427 F.3d 197, 212 (3d Cir. 2005), Pomykacz v. Borough of W. Wildwood, 438 F. Supp. 2d 504, 513 (D.N.J. 2006), Whiteland Woods, L.P. v. Township of W. Whiteland, 193 F.3d 177, 183 (3d Cir. 1999).

Plaintiff did not suffer a Fourth Amendment seizure to support a claim for malicious prosecution. In order to prevail in a §1983 claim of Malicious Prosecution action, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Dibella v. Bourough of Beachwood, 407 F.3d 599 (3rd Cir. 2005), citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3rd Cir. 2003). The Third Circuit has made the specific determination that attending one's trial is not a government "seizure" in a 4th Amendment malicious prosecution action. Dibella at 603. Like the Dibella case, in the instant matter Plaintiff was issued a citation and released at the scene. Ex. 2 at 20:16-21:4, 24:8-12; JointAppx0044, 0048. Plaintiff was not incarcerated, did not have to post bail, did not have to report to pretrial services, suffered no restrictions upon his ability to travel, and therefore did not suffer a deprivation of a liberty interest sufficient to support a malicious prosecution claim. See e.g. Penberth v. Krajnik, 347 Fed.Appx. 827, 829 (3d Cir. 2009); Laufgas v. Patterson, 206 Fed.Appx. 196, 198 (3d Cir. 2006). There was no subsequent deprivation of liberty upon which Plaintiff can base a malicious prosecution claim. Therefore, his claim in Count IV fails as a matter of law.

**C. PLAINTIFF GERACI'S EXCESSIVE FORCE CLAIM AGAINST OFFICERS BARROW, JONES, AND SMITH FAILS**

Plaintiff has adduced no evidence that Officers Barrow, Jones, or Smith had any physical contact with Plaintiff and therefore her excessive force claim in Count II against them must fail. Under federal law, a claim for excessive force at a minimum requires that some physical force be used by the defendant on the plaintiff. Graham v. Connor, 490 U.S. 386 (1989). Here, there

exists no record evidence that Officers Barrow, Jones, or Smith attempted to use force on the Plaintiff. In fact, by Plaintiff's own testimony she admits that they did not. Ex. 1 at 52:14-17; JointAppx0014. Therefore, her claim must fail.

**D. PLAINTIFFS' MONELL CLAIMS FAIL AS A MATTER OF LAW**

To defeat a motion for summary judgment, Plaintiff must demonstrate evidence that establishes all the elements of municipal liability. Bergdoll v. City of York, 515 Fed.Appx. 165, 172 (3d Cir. 2013); Maloney v. City of Reading, 201 Fed.Appx. 813, 855 (3d Cir. 2006). To prevail against the City, Plaintiff must first prove that his constitutionally-protected rights have been violated. Plaintiff bears an additional burden before he can prevail on a §1983 claim against the City of Philadelphia. Plaintiff must also prove that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to rights of citizens. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694-95 (1978); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

It is well-settled that a municipality potentially is liable under §1983 only if plaintiff can prove that city employees were executing an officially adopted policy declared by City officials; or that the employees were acting pursuant to an officially adopted custom of the municipality. Monell, 436 U.S. 658. Plaintiff must prove that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury. Id. at 694. A municipal "custom" within the meaning of Section 1983 are practices engaged in by state officials that are ***so permanent and well-settled as to constitute a `custom or usage' with the force and effect of law***. Id. at 691 (emphasis added). Plaintiff has failed to adduce sufficient evidence to maintain a Monell claim against the City.

Assuming *arguendo* Plaintiff can produce such evidence, Plaintiff bears the additional burden of proving that a municipal policy was the "moving force" behind his injuries. Bryan County v. Brown, 520 U.S. 397, 407-08 (1997). Plaintiff must prove that it is more likely than not that the alleged unconstitutional policy, custom, or practice caused his injuries. Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. denied, 112 S.Ct. 1671 (1992); Jett v. Dallas Independent School District, 491 U.S. 701 (1989).

It is likely that Plaintiffs will attempt to base their municipal liability claim on a failure to train theory. Plaintiffs' claims fail because they cannot demonstrate any evidence that a municipal policymaker was deliberately indifferent to the constitutional rights of citizens and that such indifference caused the alleged constitutional violations. In City of Canton v. Harris, the Supreme Court discussed a municipality's potential liability under §1983 for an alleged failure to properly train its employees. 489 U.S. 378 (1989). The Canton Court explained that there are "limited circumstances" in which an allegation of a municipality's failure to train can be the basis of a §1983 claim against the municipality. Id. at 387. The Court held that "the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." Id. at 388. The Court explained that a municipality may be liable under §1983 for the failure to train "only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a policy as defined by our prior cases[.]" Id. at 389.

The Canton Court further explained that it is not enough to show that the municipality is responsible for the training program in question. Id. It is not enough to establish that a particular officer has been unsatisfactorily trained, for the officer's shortcomings may be the result of factors other than a faulty training program. Id. at 390. It is not enough to allege that an incident

would not have happened if an officer had "better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal." Id. at 392.

As the Canton Court recognized, "in virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Id. The Canton Court thus concluded that a municipality's alleged failure to train will give rise to liability only where the failure to train "reflects deliberate indifference to the constitutional rights of its inhabitants." Id. at 392.[3]

The Third Circuit has held that a Plaintiff pressing a §1983 claim must identify a failure to provide specific training that has a causal nexus with his injuries and must demonstrate that the absence of specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred. Pahler v. City of Wilkes-Barre, 31 Fed. Appx. 69 (3d Cir. 2002). Plaintiffs in this matter must demonstrate facts which would demonstrate that a lack of specific training caused the incident in question and was the result of the ***conscious choice*** of City policymakers. Plaintiffs have failed to do so here and therefore, their Monell claims must be dismissed.

In fact, in the instant matter, the record evidence demonstrates a continued effort by municipal policy makers to develop training and reinforce training related to the First

[3] Justice Ginsberg, in her concurrence, points out, "Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of Monell are satisfied. Only then can it be said that the municipality has made "'a deliberate choice to follow a course of action ... from among various alternatives.' " Id. at 396 (quoting Id. at 389 (White, J.) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483–484 (1986))).

Amendment Rights of individuals. See Statement of Undisputed Facts #1- 27. The record in this matter makes it clear that municipal policymakers were actively attempting to train Philadelphia Police Department officers on the rights of individuals to record police. Nothing in the record demonstrates deliberate indifference on the part of policymakers, and therefore Plaintiffs' Monell claims must fail.

**V. Conclusion**

Wherefore, for the reasons included herein, Moving Defendants respectfully request this Honorable Court grant their Motions for Summary Judgment and enter the order attached hereto.

Respectfully submitted,

/s/ John J. Coyle
**JOHN J. COYLE**
DEPUTY CITY SOLICITOR

DATE: DECEMBER 21, 2015

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA GERACI** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-5264** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| **RICHARD FIELDS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 14-4424** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

I, John J. Coyle, do hereby certify that on this date, a true and correct copy of Defendants' Motion to for Summary Judgment was electronically filed and is available for viewing and downloading from the ECF system.

/s/ *John J. Coyle*
JOHN J. COYLE
*Deputy City Solicitor*
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
john.coyle@phila.gov
P: 215-683-5447 / F: 215-683-5397

Date: December 21, 2015